Gerald Platovsky et al., Plaintiffs, v City of New York et al., Defendants. (Matter No. 1.) In the Matter of Gerald Platt et al., Appellants, v Lawfinance Group, Inc., et al., Respondents. Vicki-Jo Platovsky, Nonparty Appellant. (Matter No. 2.) [855 NYS2d 571]—

When determining whether a particular dispute is arbitrable, a court must determine whether the dispute "falls within the

scope of the arbitration agreement" (*Maross Constr. v Central N.Y. Regional Transp. Auth.*, 66 NY2d 341, 345 [1985]), and whether the dispute "is one that may be submitted to arbitration without violation of any law or public policy" (*id.* at 346). Since the dispute over the entitlement of the respondents Robert Herbst, Esq., and Beldock Levine & Hoffman, LLP, to an attorney's fee in connection with the underlying personal injury action, falls within the scope of the broad arbitration clause contained in the contract at issue (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 96 [1975]), and since no law or public policy precludes arbitration of that dispute (*see Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 630 [1979]), the Supreme Court properly concluded that the dispute was arbitrable.

The appellants' remaining contentions are without merit. Mastro, J.P., Covello, Eng and Belen, JJ., concur. [*See* 15 Misc 3d 1125(A), 2007 NY Slip Op 50840(U).]